HOBSON, Judge.
Appellee (lessee) Gulf Cities Gas Corp. filed a complaint for declaratory judgment against appellants (lessors) seeking a determination of the parties’ rights and responsibilities under paragraph 4 of a lease agreement executed in 1955 between appellee’s predecessor lessee and appellants’ ancestors. The pertinent paragraph of the original lease agreement provides:
4.THE LESSOR SHALL HAVE THE RIGHT ON ONE YEAR’S WRITTEN NOTICE AND BY BUYING FOR CASH THE BUILDINGS THE LESSEE MAY ERECT AT THE COST OF THE BUILDINGS WHICH HAVE NOT YET BEEN DEPRECIATED AT THE TIME OF NOTICE, TO TERMINATE THE LEASE. THE COST OF THE BUILDINGS WILL BE DETERMINED BY THE FIXED IMPROVEMENTS OF THE BUILDINGS BUT WILL NOT INCLUDE OFFICE FIXTURES, COUNTERS, SHELVING, REMOVABLE PARTITIONS OR ANY FEATURES SPECIALIZED FOR THE LESSEE’S USE. THE LESSEE AGREES TO BUILD A MASONRY AND STEEL BUILDING WITH FIRE RESISTANT WALLS EXCEPT FOR SOME INTERIOR PARTITIONS WHICH MAY BE CONSTRUCTED OF FRAME TO COST NOT LESS THAN FIFTY THOUSAND DOLLARS ($50,000.00). FOR THE PURPOSE OF THIS AGREEMENT, THE RATE OF DEPRECIATION WILL BE BASED ON FORTY YEAR LIFE. THE LESSEE FURTHER AGREES TO PAY ALL TAXES AND ASSIGNMENTS DURING THE TERM OF THIS LEASE.
After a nonjury trial, the court rendered a final declaratory judgment holding that the improvements erected on the subject property by the original lessee are trade fixtures which can be removed from the property by appellees. We reverse.
Prior to June 10, 1955, appellants’ ancestors owned the subject parcel of real property. They formed a corporation for the sale of propane gas and leased the real property to the corporation for $12,000 per *995 year. The original lease agreement was for a period of ten years with a renewal option for an additional 15 years. The lessee corporation erected an office building on the property. Subsequently, appellants’ ancestors sold the corporate stock to the present stockholders of appellee Gulf Cities Gas Corp. Appellee exercised its renewal option in 1965, thus extending the period of the lease to June 10, 1980.
At trial, appellee presented one witness, Mr. Birnbaum, President of Gulf Cities Gas Corp., who testified that at the time he bought the controlling interest in that corporation he understood that the lease required the lessors to purchase the building from the corporation at the natural termination of the lease. Appellants presented no evidence at trial, although in his answers to interrogatories, appellant John Crawford stated that paragraph 4 was included in the lease to cover the possibility of early termination by the lessors.
Appellee has referred us to the case of Wetjen v. Williamson, 196 So.2d 461 (Fla. 1st DCA 1967), for the proposition that the intent of the parties to the lease is the controlling factor in determining whether structures placed upon the land by the tenant remain chattels. We agree that this test is of critical importance. The problem here lies in the fact that no evidence of any kind was presented to the trial court as to the intent of the original parties to the lease in 1955. None of the parties or witnesses involved in the instant cause were' present at the time of execution, and Mr. Birnbaum did not acquire his interest in Gulf Cities Gas Corp. until some time after the lease agreement was executed. Testimony relating to his understanding of the effect of paragraph 4 is irrelevant to show the intent of the original parties.
We interpret paragraph 4 to provide for reimbursement of the lessee for the building in the event the lessors terminate the lease prior to its natural termination date. The lessors would have been obligated to purchase the building at a price to be determined by specified formula only in the event they chose early termination.
In view of the above, we refer to the general rule governing such matters which provides:
In the absence of statute or of an agreement between the parties, there is no obligation on the part of the lessor to pay the lessee for improvements erected by the latter upon the demised premises, even though the improvements are such that by reason of their annexation to the freehold they become a part of the realty and cannot be removed by the lessee.
49 Am.Jur.2d § 777 at 718.
We cannot agree with the trial court that a 10,000 square foot masonry building constructed on a solid concrete slab is a removable trade fixture.
For these reasons, we reverse the holding of the final declaratory judgment.
REVERSED.
SCHEB, C. J., and GRIMES, J., concur.